PATRICK KANE, Appellant, v. CHARLES DAUERNHEIM, Respondent.

St. Louis Court Appeals, December 18, 1894.

1. **Action for Money had and Received:** JURISDICTION OF JUSTICES' COURTS. An action at law may be maintained in a court of law for money had and received by the defendant to the use of the plaintiff, if adequate relief can be obtained therein. Accordingly, such action may be commenced before a justice of the peace.

2. ————: PAYMENT BY CONSTABLE TO EXECUTION CREDITOR IN IGNORANCE OF EXEMPTION RIGHTS OF EXECUTION DEBTOR. A constable levied an exe_ cution upon property which was not specifically exempt, but failed to notify the execution debtor of his exemptions. After applying the net proceeds of the property to the execution and paying them over to the execution creditor, the constable was compelled to also pay the execution debtor the amount of such exemptions, *Held,* that he could not thereon recover that amount from the execution creditor.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Frank A. C. MacManus* and *John B. Dempsey* for appellant.

*Rufus J. Delano* for respondent.

BIGGS, J.—This action was instituted before a justice of the peace on the fourteenth day of May, 1891. When it reached the circuit court on appeal, the court sustained a motion to strike out the amended complaint. The plaintiff has appealed.

The circuit court was of the opinion that the complaint failed to state a cause of action, and we are of the same opinion. The sum and substance of the alleged cause of action is that, in 1886, the plaintiff was a constable in the city of St. Louis; that several executions came into his hands against William Smythe and in favor of the defendant; that plaintiff proceeded to levy upon and sell property belonging to Smythe to satisfy these executions; that he paid over the proceeds of the sale to the defendant, and returned the executions satisfied; that, about two years thereafter, Smythe sued the plaintiff on his official bond, alleging as a breach thereof that he (Smythe) as the head of a family was entitled to his exemptions of $300 of the proceeds of said sale, and that the plaintiff had failed to notify him of his exemption rights; that the defense to the action was that Smythe had been notified of his rights under the law, and that he had waived them, and that Smythe defeated the plaintiff in the action and recovered judgment for $300, which judgment the plaintiff had paid. Therefore the plaintiff claimed that, to the extent of $300, the money paid by him to the defendant on the executions was paid by mistake, and that the defendant ought to refund it.

If the plaintiff is entitled to recover at all, it is for money had and received to his use, upon the theory that the money was paid to the defendant by mistake respecting the exemption rights of Smythe, and that the plaintiff was answerable to Smythe therefor. *Wilson v. Milner*, 2 Camp. 452. The point made by respondent that the action is equitable, and therefore improperly brought in a magistrate's court, is without merit. It is true that all actions for money had and received are equitable in their character, and originally were of purely equitable cognizance, but in an early

day the English courts decided that there was no reason why courts of law should not take cognizance of such actions, except when adequate relief could not be had outside of a court of equity. The practice has been generally adopted in this country, and the exercise of the jurisdiction by courts of law is of daily occurrence. *Coal Company v. Slevin*, 56 Mo. App. 107; 2 Story on Equity Jurisprudence, section 1256; *New York Insurance Company v. Roulet*, 24 Wend. 505.

In equity and good conscience, ought the defendant to make good the loss which the plaintiff has sustained? It is a rule in equity that, of two innocent parties, the one most at fault must bear the lost. Now, what are the facts as disclosed by the complaint. The levy was made by the plaintiff on his own motion; it was made on property belonging to Smythe and not specifically exempt; the proceeds of the sale were paid to the defendant without notice of Smythe's exemption rights, or that the plaintiff had failed to notify him of them; the executions were returned satisfied, and years afterward the defendant is called on to reimburse the plaintiff for a loss arising out of the plaintiff's own neglect. Now, wherein has the defendant been in fault? That the mistake, of which the plaintiff complains and which occasioned the loss, was brought about by his own fault or neglect can not be disguised. It will not do to say, as the complaint avers, that he *understood* Smythe to say that he waived his exemptions. That facts was found against him in the suit on the bond, and the bald fact stands out that the plaintiff did not notify Smythe of his exemption rights.

It is argued that Smythe was insolvent at the time the executions were levied; that the presumption is that he continued so; and that, therefore, the defendant was not prejudiced by the mistake. If it be conceded that Smythe was insolvent in 1886, the defendant, not being

guilty of laches, ought not to be compelled to assume the burden of showing that he did not continue in an insolvent condition, for the reason that he rested under the belief that his debt had been paid, and thus had no occasion to look after the financial or business affairs of Smythe.

Our conclusion is that the judgment is for the right party and ought to be affirmed. Judge ROMBAUER concurs; Judge BOND not sitting.